**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.                                                                  Case No. 3:25-cr-13-TJC-SJH

PEDRO ALBERTO MARTIN-XON

---

### ORDER DENYING MOTION TO REVOKE DETENTION ORDER

On January 27, 2025, the government swore out a criminal complaint against defendant Pedro Alberto Martin-Xon alleging he is a citizen of Guatemala who, after having been previously deported in 2019, had been found unlawfully present in the United States without first having obtained permission to be here. Doc. 1. At defendant's initial appearance, the duty Magistrate Judge reviewed the pretrial services bail report, found defendant to be indigent, appointed counsel for him, granted the government's ore tenus motion for defendant to be detained pending trial after defendant waived his right to a detention hearing, and set the case for a preliminary hearing. Docs. 2, 4, 5, 6, 7, 8, 11, 32. A grand jury returned an indictment against defendant on January 29, 2025 charging him with one count of illegal re-entry by a deported alien under 8 U.S.C. § 1326(a) and (b)(1). Doc. 9. Defendant was arraigned on February 6, 2025 and his case was set for trial. Docs. 13, 15.

On February 10, 2025 defendant moved to reopen the detention hearing because he had identified a friend who might serve as an appropriate third-party custodian. Doc. 16. The assigned Magistrate Judge set the motion for hearing but defendant moved to withdraw the motion before the hearing stating he did not intend to pursue it. Doc. 21. On March 6, 2025, defendant filed a second motion to reopen the detention hearing stating he had identified a new person who could serve as an appropriate third-party custodian. Doc. 24. The Magistrate Judge held a hearing at which he granted the motion to reopen over the government's objection, heard argument from counsel and testimony from the proposed third-party custodian, and granted the government's <u>ore tenus</u> motion for detention pending trial, finding that the government demonstrated by a preponderance of the evidence that no condition or combination of conditions of release would reasonably assure the defendant's appearance. Docs. 26, 29, 33. Defendant has now filed an appeal of the Magistrate Judge's detention order. Doc. 30. The government responded in opposition. Doc. 31.

Under 18 U.S.C. §3142(e), if, after a hearing, the judicial officer finds that no condition or combination of conditions will reasonably assure the defendant's presence in court as required, the defendant shall be detained pending trial. The government bears the burden of demonstrating by a preponderance of the evidence that a defendant is a flight risk. <u>United States v. Medina</u>, 775 F.2d 1398, 1402 (11th Cir. 1985). Review of the Magistrate Judge's detention order

is provided by 18 U.S.C. § 3145(b), under which a defendant may seek to revoke or amend the order. The Court construes defendant's motion (though styled as an appeal) as one to revoke the order of detention under 18 U.S.C. § 3145(b). Presented with such a motion, "the district court must undertake an independent review, enter its own findings in writing, and set forth the reasons supporting its decision." United States v. Hurtado, 779 F.2d 1467, 1480 (11th Cir. 1985) (emphasis omitted) (cleaned up). The Court is not required to conduct its own hearing. United States v. Gaviria, 828 F.2d 667, 670 (11th Cir. 1987). And, if the Court, "upon careful review of the pleadings and the evidence developed at the magistrate [judge's] detention hearing," determines the magistrate judge's "factual findings are supported and that the magistrate [judge's] legal conclusions are correct," the Court may "explicitly adopt the magistrate [judge's] pretrial detention order." United States v. King, 849 F.2d 485, 490 (11th Cir. 1988). Doing so "obviates the need for the district court to prepare its own written findings of fact and statement of reasons supporting pretrial detention." Id.

The Court has carefully reviewed all the materials available to the Magistrate Judge, including the Border Patrol Agent's sworn affidavit supporting the criminal complaint (Doc. 1); the pretrial bail report (Doc. 32);[1]

---

[1] This document was part of the paper file that the Magistrate Judge received from the duty Magistrate Judge. The Court directed that it be filed

the minutes of the initial appearance and original order of detention (Docs. 2, 11); the indictment (Doc. 9); and defendant's second motion to reopen the detention hearing (Doc. 24). The Court also reviewed the transcript of the detention hearing (Doc. 33), where the Magistrate Judge reviewed the evidence and made explicit factual findings, also recorded in his order of detention (Doc. 29). Standing on this record, the Court finds the Magistrate Judge's factual findings are supported and his legal conclusions are correct.

In his motion to revoke the detention order, defendant raises two matters not presented to the Magistrate Judge but neither of them make a difference here (nor do they require a hearing).[2] First, defendant cites statistics that very few defendants released on bond in the Middle District of Florida fail to appear, suggesting (says defendant), that he too is likely to appear if released on bond. The government's counter to this point is that the data shows the Middle District Magistrate Judges are making the correct calls as to whether to release or detain defendants. Defendant also filed an affidavit from his father in Guatemala which explains that in 2018 defendant was being threatened by

---

(under seal) to complete the record here.

[2] The government objects to the Court's consideration of evidence not presented to the Magistrate Judge, arguing that the points defendant raises were available to him at the time of his detention hearing (and therefore do not merit any reopening under 18 U.S.C. § 3142(f)). This is perhaps true, but because the material does not change the result, the Court sees no harm in giving defendant every benefit of the doubt.

4

gang members and therefore had to flee Guatemala for his safety, and the same gang continues to pose a threat. Defendant argues this supports permitting defendant to be released on bond so he can pursue an asylum petition. But the government contends any asylum application is not part of the detention consideration, and the affidavit is evidence of defendant's family ties in Guatemala. While tending to agree with the government as to both points, the Court need not take a position on either because they do not affect the Magistrate Judge's determination that the proposed third-party custodian (defendant's ex-sister-in-law), who was aware that defendant was in the country illegally but had never alerted authorities, was not a suitable choice. Thus, even if the Court considers the additional information provided by defendant, the result would be the same—the government has proven by a preponderance of the evidence that no condition or combination of conditions will ensure defendant's appearance; he is therefore due to be detained pending trial.

Accordingly, it is hereby

**ORDERED**:

Defendant's Appeal of Magistrate Judge's Detention Order and Request for Immediate Release with Conditions, construed as a motion to revoke the Magistrate Judge's Order of Detention, (Doc. 30) is **DENIED**. Upon de novo review, the Court reaffirms and adopts the Magistrate Judge's Order of

Detention Pending Trial (Doc. 29).

**DONE AND ORDERED** in Jacksonville, Florida this 3rd day of April, 2025.



TIMOTHY J. CORRIGAN
Senior United States District Judge

s.
Copies:
United States Magistrate Judge Samuel J. Horovitz
Counsel of record
U.S. Marshals Service
Defendant

6